UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| **KENTUCKY COAL ASSOCIATION, INC.,** ) ) ) | |
| **Plaintiff,** ) ) ) | |
| v. ) ) ) | Case No. 3:18-cv-00019-WOB |
| **DEBRA HAALAND, Secretary of the Interior, et al.** ) ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM

Plaintiff in this case challenges a portion of a Final Rule promulgated by the Office of Surface Mining Reclamation and Enforcement ("OSMRE") which disapproved certain proposed amendments to the state regulatory program whereby the Commonwealth of Kentucky implements the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201-1328 ("SMCRA"). The action challenged herein was part of a Final Rule published in the *Federal Register* on January 29, 2018, at 83 Fed. Reg. 3,948.

Defendants have been served with a copy of the Complaint, but their obligation to respond to it, along with all other proceedings, has been stayed by prior orders of this Court, granted at the request of the parties. (ECF Nos. 8, 12, 14, 16, 20, 22, 28, 30, 32, 34, and 36). In each request for a stay or extension thereof, the parties have reported their agreement that concurrently litigating the case while pursuing a negotiated resolution through rulemaking was not desirable. This continues to be the case. Although the current stay is about to expire, the

parties remain committed to pursuing settlement discussions without concurrently litigating the case. The parties have continued to make progress toward a negotiated resolution, and the continuing timeframe is largely a result of the requirements of the rulemaking processes at the federal level.

As previously reported, the Kentucky Energy and Environment Cabinet ("Cabinet") enacted two amendments to state regulations and submitted them to OSMRE in November 2019 for review and approval. On February 25, 2020, OSMRE published in the Federal Register two proposed rules (KY-261 and KY-262) which included the Cabinet's amendments and instructions on public comment, among other things. *See* 85 Fed. Reg. 10,633; 85 Fed. Reg. 10,634. In March 2020, the Kentucky Coal Association submitted comments on each proposed rule and the EPA commented on KY-262. No other comments were received.

In April 2020, the parties conferred on the proposed rule. Based on those discussions, OSMRE requested additional detail from the Cabinet on calculation of bond amounts under KY-261 in connection with long-term water treatment. This additional detail was received by OSMRE personnel in the Lexington field office in August 2020 and then forwarded in September to counsel for defendants in Pittsburgh, PA, as well as to OSMRE's regional office, also in Pittsburgh. Review in Pittsburgh is now completed. Subsequently, the regional office completed an internal draft of a Final Rule Notice ("Notice") for proposed rule KY-261 and sent the draft to the field office for review. Comments were returned, a revised version was then provided to the field office, and on July 13, 2021, additional comments from the field office were received in Pittsburgh. Once the two offices have reached consensus on the language of the Notice, we expect it will be forwarded to the Regional Director of OSMRE in Pittsburgh, with a request for approval. The regional office also continues to consider proposed rule KY-

262, although as previously reported the proposed rule presents some concerns which the parties in this action and in civil action 18-cv-20 have discussed.

It is anticipated that the remaining components of the administrative process, including consideration of both proposed rules and the noted concerns, could take up to (and potentially in excess of) an additional ninety (90) days to complete, which is the basis for this additional requested stay. In short, the parties are working diligently to achieve a negotiated resolution to this case, as discussed above.

In light of the foregoing, the parties seek the Court's approval of an additional ninety (90) day stay in this case. The Court has inherent power to stay a case to achieve "economy of time and effort for itself, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (same).

The parties believe that a stay is appropriate to avoid potentially unnecessary litigation and to conserve judicial resources. The parties therefore respectfully request that this Court exercise its discretion to stay this case for 90 days because doing so will allow the parties to focus on whether they can resolve this dispute through the regulatory process and settlement negotiations.

Respectfully submitted this 15th day of July, 2020.

>CARLTON S. SHIER, IV
>Acting United States Attorney
>Eastern District of Kentucky
>
>/s/ John S. Most
>JOHN S. MOST
>Special Assistant U.S. Attorney
>U.S. Department of the Interior
>Office of the Solicitor
>Three Parkway Center, Suite 385
>Pittsburgh, PA  15220
>412-937-4009 || 412-937-4003 (fax)

john.most@sol.doi.gov

/s/ T. Lee Gentry
T. LEE GENTRY
Assistant U.S. Attorney
E.D. Kentucky
260 W. Vine St. Suite 300
Lexington, KY  40507-1612
859-685-4830 || 412-937-4003 (fax)
Lee.Gentry@usdoj.gov

*Counsel for Defendants*

/s/ Richard Clayton Larkin (with permission)
RICHARD CLAYTON LARKIN
JASON T. AMS
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1200
Lexington, KY  40507
(859) 231-8500 (telephone)
(859) 367-3828 (fax)
clay.larkin@dentons.com
jason.ams@dentons.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on July 15, 2021.

/s/ John S. Most
JOHN S. MOST